Alvin MARTINETS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–93–193–CR.

Court of Appeals of Texas,
Austin.

Aug. 17, 1994.

Opinion Overruling Rehearing
Sept. 28, 1994.

P. David Wahlberg; Bender & Wahlberg, P.C., Austin, for appellant.

Marcos Hernandez, Jr., Criminal Dist. Atty., Jenifer Habecker, Asst. Criminal Dist. Atty., San Marcos, for appellee.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant waived a jury trial and entered a plea of not guilty before the court to the misdemeanor charge of possession of a usable quantity of marihuana of not more than two ounces. The trial court found appellant guilty of possession of .06 ounces of marihuana, and assessed punishment of six months' supervised probation and a $200 fine. Appel-lant asserts in his sole point of error that the evidence is insufficient to establish beyond a reasonable doubt that he knowingly or inten-tionally possessed marihuana. We will af-firm the conviction.

## BACKGROUND

On November 9, 1991, appellant picked up three friends in Driftwood and drove to a party at a private residence in Buda. The party was attended predominantly by cur-rent and former students of Jack C. Hays High School, many of whom were standing in the parking lot where a keg of beer was located. Appellant left his car unlocked with the windows down and the keys in the igni-tion. Appellant testified that he observed five to six people in and around his car listening to the radio; some of the people standing beside his car were smoking mari-huana.

Appellant was standing near the keg when his friend John Cisneros arrived and asked appellant to give him a ride home so he could check on a cow's head he was barbecuing. Appellant agreed and the two departed. They arrived at Cisneros' house without inci-dent. Appellant waited in the car while Cisneros tended to his barbecue.

The return trip to the party was more eventful. About 10:30 p.m., Texas Depart-ment of Public Safety Trooper Dana Moore stopped appellant for speeding on the access road of Interstate Highway 35. Cisneros testified that, as they were being pulled over, he asked appellant if he had any marihuana in his car and appellant answered that he did not. Both men testified they had not smoked or seen the other smoke any mari-huana that evening.

Trooper Moore approached the vehicle and asked appellant to step to the back of the car. Moore observed some beer inside the vehicle; it was apparent that appellant had been drinking, but Moore testified that ap-pellant was not intoxicated. Moore con-firmed that appellant was of drinking age, but the passenger was not. Moore then directed appellant to stand and wait behind the car. Concerned that the passenger might be a minor in possession of alcohol,

Moore approached the passenger's side of the vehicle to investigate. When he opened the door, two open beer cans that had been placed between the passenger's seat and the door fell to the ground. Appellant volunteered that the rest of a twelve-pack was still in the car. Trooper Moore instructed appellant to remove the beer and pour it out.

Trooper Moore then searched the vehicle for more alcohol. During the search he saw a package of rolling papers on the passenger's floorboard and detected the faint odor of burned marihuana. Moore found a baggy containing .06 ounces of marihuana and more rolling papers in the ashtray. He also found the unusable remnants of a burned marihuana cigarette stuck between the top of the driver's seat and the headrest. Appellant and Cisneros denied knowing there was marihuana in the car and stated they did not know to whom it belonged. Both were arrested, but only appellant was charged.

### DISCUSSION

Appellant asserts in his sole point of error that the evidence is legally insufficient to sustain his conviction because a reasonable explanation, other than his guilt, is raised by the evidence and was not disproved by the State. In reviewing the legal sufficiency of the evidence supporting a conviction, the relevant question is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the criminal offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 156 (Tex.Crim.App. 1991). In order to prove unlawful possession of a controlled substance, the State must prove the accused exercised care, control, and management of the substance, and that the accused knew the substance possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986). When the accused is not in exclusive control of the place the contraband is found, there must be independent facts and circumstances linking the accused to the contraband. *Cude*, 716 S.W.2d at 47.

In *Hankins v. State*, 646 S.W.2d 191 (Tex. Crim.App.1983), the court abolished the circumstantial evidence charge requiring circumstances to exclude, to a moral certainty, every other reasonable hypothesis except the defendant's guilt. Nevertheless, the court held that in circumstantial evidence cases appellate courts must still find that every reasonable hypothesis raised by the evidence, except the defendant's guilt, has been negated in order to affirm a conviction. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983); *Freeman v. State*, 654 S.W.2d 450 (Tex.Crim. App.1983); *Denby v. State*, 654 S.W.2d 457 (Tex.Crim.App.1983); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). In *Geesa v. State*, the court noted the "analytical quandary" it had created by abolishing the jury charge while maintaining the reasonable hypothesis analytical construct for appellate review. *Geesa*, 820 S.W.2d at 158. The court then rejected the reasonable hypothesis analysis for review of the sufficiency of circumstantial evidence, directing appellate courts to apply instead the rationality standard of *Jackson v. Virginia*. *Id.* 820 S.W.2d at 161.

To persuade us that the evidence in this case is insufficient to establish beyond a reasonable doubt that he knowingly possessed marihuana, appellant contends the State failed to disprove that other individuals standing around his car while smoking marihuana could have placed the contraband in his car without his knowledge or consent. By arguing that the record supports a reasonable hypothesis other than his guilt, appellant essentially urges us to return to a pre-*Geesa* reasonable hypothesis analysis of the evidence. This we will not do, as we are bound to follow *Geesa*. We will instead consider the evidence in the light most favorable to the verdict to see if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The State argues there is sufficient circumstantial evidence to affirmatively link the accused to the contraband by showing appellant's knowledge and control of the marihuana. At least one appellate court has questioned the propriety of an affirmative links analysis in the wake of *Geesa*. See *Eaglin v. State*, 872 S.W.2d 332, 336–37 (Tex.

App.—Beaumont 1994, no pet. h.) (citing *Castellano v. State*, 810 S.W.2d 800, 805–06 (Tex.App.—Austin 1991, no pet.)). Although the affirmative links analysis may have developed in service of the reasonable hypothesis construct, we believe its usefulness survives *Geesa.* In reviewing the sufficiency of the evidence to establish an accused's knowledge of contraband and his control over it, the existing body of law describing affirmative links between a defendant and contraband is an appropriate means of applying the *Jackson* rationality standard of review.

■ *Eaglin* defined circumstantial evidence as "direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proven." *Eaglin,* 872 S.W.2d at 336 (citing *Taylor v. State,* 684 S.W.2d 682, 684 (Tex.Crim.App.1984)). Affirmative links are these secondary facts that indicate the accused's knowledge and control of the contraband. We conclude that an affirmative links analysis remains a convenient and logically sound method of applying the *Jackson* standard of reasonable doubt in some cases.

■ This Court has identified several affirmative links tending to establish the accused knew of the presence of contraband and its forbidden nature. *See Whitworth v. State,* 808 S.W.2d 566, 569 (Tex.App.—Austin 1991, pet. ref'd); *Trejo v. State,* 766 S.W.2d 381, 384–85 (Tex.App.—Austin 1989, no pet.). The relevant factors reflected in this record include: (1) the contraband was conveniently accessible to the accused; (2) paraphernalia to use the contraband was conveniently accessible to the accused; (3) the accused was the owner of or had the right to possess the place the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the odor of marihuana was present; and (6) the place the contraband was found was enclosed. The number of factors present is less important than the logical force of those factors, alone or in combination, in establishing the elements of the offense. *Whitworth,* 808 S.W.2d at 569; *Trejo,* 766 S.W.2d at 385.

Appellant was the driver of the car in which the contraband was found. Although his father owned the vehicle, Cisneros testified that appellant routinely drove the car. Appellant's employment identification cards, located on the car's visor, indicated his right to possess the vehicle. The marihuana and rolling papers found in the closed ashtray were conveniently accessible to appellant. The unusable remnant of a marihuana cigarette was found under the driver's headrest, conveniently accessible to appellant. There was an odor of marihuana in the vehicle. This evidence was sufficient to link appellant to the marihuana found in the car.

## CONCLUSION

When considered in the light most favorable to the verdict, the evidence would allow any rational trier of fact to find that all essential elements of the offense were proved beyond a reasonable doubt. The evidence is sufficient to establish that appellant knowingly possessed marihuana. We overrule the point of error and affirm the conviction.

### ON MOTION FOR REHEARING

Appellant files a motion for rehearing and asserts as his sole point of error that this Court failed to consider the factual as well as the legal sufficiency of the evidence on appeal. Appellant argues that a court should consider both legal and factual sufficiency points of error when a "global" sufficiency of the evidence point is raised. We will overrule the motion for rehearing.

■ A court must review the legal sufficiency of the evidence in order to meet the minimum due process requirements of the Fourteenth Amendment to the U.S. Constitution. *Jackson v. Virginia,* 443 U.S. 307, 320 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979). Factual sufficiency review is a stricter standard of review than that set out in *Jackson* and is permitted to the courts of appeals by the Texas Constitution, Art. V, § 6. *See Stone v. State,* 823 S.W.2d 375, 377–80 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). Attorneys, when briefing constitutional questions, should carefully separate federal and state issues and provide substantive analysis or argument on each. If sufficient distinction between state and federal constitutional grounds of review is not

provided, courts may overrule the ground as multifarious. *McCambridge v. State,* 712 S.W.2d 499, 501 n. 9 (Tex.Crim.App.1986). Texas Rule of Appellate Procedure 74(d) also requires distinct points of error when filing an appellate brief. By combining more than one contention in a single point of error, an appellant risks rejection on the grounds that nothing will be presented for review. *Sterling v. State,* 800 S.W.2d 513, 521 (Tex.Crim. App.1990).

■ This Court has made clear that "global" sufficiency points of error embrace legal and factual sufficiency only in civil cases. *Stone,* 823 S.W.2d at 377 n. 2. Moreover, even in civil cases, legal and factual sufficiency points of error may be combined only if the record references and the argument made under that point sufficiently direct the court's attention to the nature of the complaint regarding each relevant issue, finding, or legal conclusion. Tex.R.App.P. 74(d).

In his original appeal, appellant urged us to examine the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the appellant guilty of all elements of the offense beyond a reasonable doubt. Appellant's Brief at 5 (citing *Jackson,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560). This is the standard of review for legal sufficiency of the evidence. Nowhere in his original brief did appellant request review of the evidence for factual sufficiency, mention the standard for factual sufficiency review, or cite to cases involving factual sufficiency review. In short, appellant did nothing to direct our attention to the error about which he now complains.

■ Nevertheless, we have examined the evidence under the factual sufficiency standard of *Stone.* A judge's findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards used to review jury findings. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.App.—Dallas 1981, writ ref'd n.r.e.) (citing *Hall v. Villarreal Dev. Corp.,* 522 S.W.2d 195 (Tex.1975)). When conducting a factual sufficiency review, we do not review the evidence in the light most favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State,* 836 S.W.2d 319 (Tex.App.—Austin 1992, no pet.) We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Stone,* 823 S.W.2d at 381.

■ Appellant was the driver of the car in which the contraband was found. The marihuana and rolling papers found in the closed ashtray were conveniently accessible to appellant. There was an odor of marihuana in the vehicle. We thus hold that the trial court's finding that the appellant was sufficiently linked to the marihuana found in the car was not so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust.

## CONCLUSION

In his original brief, appellant raised and argued only a legal sufficiency point of error. This Court properly applied only a legal sufficiency review in affirming appellant's conviction. Even if a factual sufficiency point of error had been presented for review, we would affirm the conviction. We therefore overrule the motion for rehearing.