# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00404-CR

**Shawn Allen Richeson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 50,272, HONORABLE JOE CARROLL, JUDGE PRESIDING

A jury found appellant Shawn Allen Richeson guilty of theft and assessed punishment at incarceration in a state jail for six months and a $10,000 fine. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2001). We will affirm.

In April 1999, appellant, doing business as Web Services, ordered twenty-five computer systems from Vision Computers in Tempe, Arizona. The purchase price was $15,375, with payment to be cash on delivery. Vision shipped the computer systems the following month. Upon receipt, appellant gave a check for the purchase price on the back of which he wrote a restrictive endorsement prohibiting payment until June 30, six weeks later. Vision had not agreed to such a condition. When the check was presented for payment, there were no funds in the account. Appellant later tendered a check for $1375 to Vision, which represented payment for two of the systems. This check was not negotiated. Appellant also returned ten of the computers to Vision, although there is evidence that he removed memory cards and other components from them before

doing so. Vision's efforts to collect payment for the other computer systems, or to recover their possession, were unsuccessful.

The indictment alleged that appellant "unlawfully appropriate[d] property, to wit: 25 computer systems, of the value of $1,500 or more but less than $20,000 with the intent to deprive the owner, Anthony Stover, of said property."[1] The district court's jury charge tracked the indictment, requiring the jury to find beyond a reasonable doubt that appellant unlawfully appropriated twenty-five computer systems in order to convict. Appellant contends that because he tendered payment for two computers and returned several others, the evidence is legally insufficient to sustain a conviction for theft of twenty-five computer systems as alleged in the indictment and incorporated into the jury charge.[2]

In essence, it is appellant's contention that a fatal variance exists between the allegations in the indictment and the proof at trial. The sufficiency of the evidence to sustain a criminal conviction is measured by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The court of criminal appeals recently explained the application of *Malik* in cases of alleged variances between the pleading and the proof:

> [W]e hold that when faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a "material" variance will render

---

[1] Stover was Vision Computer's office manager.

[2] Appellant's point of error is stated as a challenge to the legal sufficiency of the evidence, but he also asserts that the evidence is factually insufficient. Because appellant does not bring forward any argument in support of this assertion, we do not reach it. *See Martinets v. State*, 884 S.W.2d 185, 188-89 (Tex. App.—Austin 1994, no pet.) (op. on reh'g).

the evidence insufficient. Thus, the hypothetically correct charge will take into consideration the fatal variance doctrine formerly expressed by this Court and today reaffirmed. Allegations giving rise to immaterial variances may be disregarded in the hypothetically correct charge, but allegations giving rise to material variances must be included.

*Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) (footnote omitted). The court added:

A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices [the defendant's] substantial rights." When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Id.* (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir. 2000)).

The indictment in this cause informed appellant that he was accused of stealing computers having a value of at least $1500 but less than $20,000 from Anthony Stover. There is nothing in the record to indicate that the precise number of computers at issue was crucial to the defense. There is no danger that the alleged variance might give rise to another prosecution for the same crime. We conclude that the alleged variance is immaterial and should be disregarded in determining the sufficiency of the evidence under a hypothetically correct jury charge. Because appellant's challenge to the legal sufficiency of the evidence rests solely on this immaterial variance, it is without merit.[3] Point of error eight is overruled.

_____

[3] Because we conclude that the alleged variance is immaterial, we do not decide if the evidence does or does not support a finding that appellant unlawfully appropriated all twenty-five computers.

3

Appellant's first point of error is that the district court erred "when it denied Appellant's Motion in Limine to exclude reference to extraneous crimes or misconduct." Appellant filed a motion in limine asking that the State be prohibited from offering evidence of extraneous matters without first obtaining a ruling from the court outside the jury's presence on the admissibility of the evidence. This motion was granted. During the testimony of the police officer who investigated this case, the prosecutor approached the bench and told the court that he intended to question the officer about certain extraneous offenses for the purpose of showing appellant's motive, intent, and design. *See* Tex. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts). The court stated, "I'm going to deny the . . . motion in limine . . . for the purpose of considering the evidence . . . ." This is the ruling of which appellant now complains. The prosecutor then asked the officer the questions he proposed to ask in front of the jury, after which defense counsel told the court, "Your honor, if that's the extent of his testimony . . . we have no objection." The jury was returned and the testimony was adduced without objection by appellant.

A ruling on a motion in limine does not preserve error. *Harnett v. State*, 38 S.W.3d 650, 655 (Tex. App.—Austin 2000, pet. ref'd). Appellant voiced no objection to the officer's testimony. *See* Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a) (contemporaneous objection rule). In his argument in support of this point of error, appellant does not refer us to any particular testimony he contends was improperly admitted. Point of error one presents nothing for review and is overruled.

In points of error two and three, appellant contends the court erroneously permitted two witnesses to testify to extraneous transactions in which they sold goods to appellant for which

4

he refused to pay after delivery. In point of error four, appellant contends the court erroneously permitted the State to cross-examine him about other extraneous transactions. Appellant argues under each point that the testimony was irrelevant, but he does not support these assertions with pertinent argument. *See* Tex. R. App. P. 38.1(h) (appellant's brief must contain argument for contentions made). Appellant also urges that the extraneous transactions were too remote. *See* Tex. Pen. Code Ann. § 31.03(c)(1) (West Supp. 2001) (evidence of recent similar transactions admissible to show knowledge or intent). Appellant did not make this objection to the district court. *See* Tex. R. App. P. 33.1(a)(1). Finally, appellant contends that one of the extraneous misconduct witnesses was estopped from testifying under the terms of a settlement agreement he signed to conclude litigation with appellant growing out of the transaction in question. Once again, this contention was not presented to the district court. Points of error two, three, and four are overruled.

Before the two extraneous misconduct witnesses testified, the district court instructed the jury to consider their testimony only to determine appellant's intent and motive. *See* Tex. R. Evid. 105(a) (limiting instruction); *see also Rankin v. State*, 974 S.W.2d 707, 712 (Tex. Crim. App. 1996) (limiting instruction should be given at first opportunity). The court included a similar limiting instruction in its charge to the jury. In points of error five and six, appellant contends the limiting instructions were defective because they referred to "extraneous offenses" rather than to "extraneous transactions," and because they did not require that the extraneous transactions be "recent" and "similar." Appellant did not object to the limiting instructions given at the time the witnesses testified, thereby waiving any error. *See* Tex. R. App. P. 33.1(a)(1). He also did not object to the limiting instruction contained in the jury charge. *See Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App.

5

1998) (general rules of procedural default apply to jury charge error; ordinarily, defendant must object to charge before he may complain on appeal). Even if we assume that the jury charge was fundamentally erroneous, appellant does not suggest how he was egregiously harmed by the instructions given. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (reversal for fundamental error only if egregious harm results). Points of error five and six are overruled.

Appellant did make one objection to the jury charge, and it is the subject of his seventh point of error. Appellant objected to the definition of "effective consent" insofar as it stated that consent is not effective if "induced by deception or coercion." Tex. Penal Code Ann. § 31.01(3)(A) (West Supp. 2001). Appellant urges that there was no evidence that the complaining witness was induced to ship the computers to appellant by a false impression of law or fact created by appellant. *See id*. § 31.01(1) (defining "deception"). Appellant contends that the delivery of the computers could not have been obtained by deception because the worthless check was given after they were delivered.

The evidence shows that before selling the computers to appellant, Vision asked appellant for credit references. The information provided to Vision by appellant included a bank account in which appellant kept substantial funds. When the computers were delivered, however, appellant wrote the payment check on an account in another bank in which there were no funds. The evidence also shows that appellant did not inform Vision that, as he acknowledged at trial, he routinely placed restrictive endorsements on payment checks by which he sought to delay payment and effectively force the seller to extend him credit. This evidence supports a finding that appellant

6

created a false impression of fact that was likely to affect Vision's judgment in the transaction. No error is shown. Point of error seven is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   August 30, 2001

Do Not Publish