TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00122-CR


NO. 03-02-00123-CR






Arnulfo Molina, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NOS. 004127 & 004128, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 Appellant Arnulfo Molina was convicted of the offenses of possessing more than five
pounds but less than fifty pounds of marihuana and more than 400 grams of cocaine. See Tex.
Health & Safety Code Ann. §§ 481.121(b)(4); 481.115(f) (West Supp. 2002). He appeals,
contending that the evidence was legally and factually insufficient to support his convictions. We
will affirm.


BACKGROUND

 On August 9, 1999, Department of Public Safety Sergeant Vincent Luciano stopped
a 1998 Oldsmobile after he observed that the vehicle had no visible license plate (1) and failed to
maintain a single lane. Sergeant Luciano began to conduct the stop and directed Oscar Vela, the
driver, to get out of the vehicle. Luciano observed that Vela and appellant, a passenger in the
vehicle, appeared nervous. Neither Vela nor appellant had identification documents. Sergeant
Luciano smelled gasoline in the vehicle's passenger compartment and became suspicious. After
obtaining Vela's consent to search the vehicle, Luciano discovered that the gas tank appeared to have
been tampered with. He asked Vela and appellant to follow him to the police station where the tank
was removed and the contraband discovered inside.

 Vela and appellant were indicted for possession of the contraband. Vela pleaded
guilty to the offenses; appellant waived a jury trial and was convicted of possession of the
contraband on January 25, 2002. Appellant appeals the judgment.


DISCUSSION

 Appellant contends that the evidence is legally and factually insufficient to link him
to the contraband found in the gas tank. In reviewing the legal sufficiency of the evidence, we view
the evidence in the light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 442 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000);
Howard v. State, 972 S.W.2d 121, 124 (Tex. App.--Austin 1998, no pet.). In reviewing factual
sufficiency, we view all of the evidence in a neutral light and set aside a verdict only if it so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson, 23 S.W.3d
at 6-7; Martinets v. State, 884 S.W.2d 185, 189 (Tex. App.--Austin 1994, no pet.). We compare
the evidence supporting a disputed fact with evidence tending to disprove that fact. Johnson, 23
S.W.3d at 7; Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We may overturn a fact
finder's determination only when the record clearly indicates a manifest injustice; otherwise, we
must accord due deference to the fact finder's determinations, particularly those concerning the
weight and credibility of the evidence. Johnson, 23 S.W.3d at 8-9; Jones, 944 S.W.2d at 648.

 In a prosecution for drug possession, the State has the burden of proving (1) that the
defendant exercised care, custody, control, or management over the drugs, and (2) that he knew he
possessed a controlled substance. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995);
Martinets, 884 S.W.2d at 187. When, as here, the defendant is not in exclusive possession or control
of the place where the drugs are found, the State must affirmatively link the defendant with the
drugs. Brown, 911 S.W.2d at 747-48; Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin
1996, pet. ref'd, untimely filed); Martinets, 884 S.W.2d at 187. The affirmative links need not be
so strong as to exclude every other reasonable alternative hypothesis except the defendant's guilt. 
Brown, 919 S.W.2d at 748; Hackleman, 919 S.W.2d at 444; Martinets, 884 S.W.2d at 187-88. The
State's evidence must show facts and circumstances that, viewed in the totality of the circumstances,
indicate the defendant's knowledge and control of the drugs. See Brown, 911 S.W.2d at 748; Hyett
v. State, 58 S.W.3d 826, 830 (Tex. App.--Houston [14th Dist.] 2001, no pet.); Howard v. State, 972
S.W.2d 121, 124 (Tex. App.--Austin 1998, no pet.). Affirmative links between a defendant and the
contraband may include: the defendant's presence when the drugs are found; whether the drugs or
other contraband were in plain view; the defendant's proximity to and the accessibility of the drugs;
whether the defendant was under the influence of drugs when the drugs were found; whether the
defendant possessed other contraband or drug paraphernalia; whether the defendant made
incriminating statements or furtive gestures or tried to flee; whether there was any noticeable drug
odor; whether the defendant had the right to possess the place where the drugs were found; and
whether that place was enclosed. See Hyett, 58 S.W.3d at 830; Martinets, 884 S.W.2d at 188;
Villarreal, 865 S.W.2d at 503-04.

 The record reflects that Vela's hands shook and that appellant appeared to be nervous
and was unable to make eye contact with Sergeant Luciano at the time of the traffic stop. Although
he did not detect an odor of marijuana on appellant, Sergeant Luciano smelled marijuana on Vela's
clothing, and Vela admitted to having smoked marijuana earlier in the day. Sergeant Luciano further
testified that the odor of gasoline in a vehicle's passenger compartment often indicates that "the gas
tank has been tampered with or it has a hole in it," and that this "[u]sually indicates there is some
type of contraband or the gasoline tank has been modified to hold contraband." It was reasonable
for the trial court to infer that appellant would not have ridden in the vehicle with the odor of
gasoline in the passenger compartment for fear of a leak, and that he knew the odor was a result of
the alteration of the gas tank to hold and transport contraband. In light of the standards set out
above, we cannot say that a rational trier of fact could not have found an affirmative link between
appellant and the drugs beyond a reasonable doubt. Appellant's first issue is overruled.

 Vela incriminated himself at the time of his arrest and pleaded guilty to possession
before he testified at appellant's trial. He gave an account of how he purchased and hid the drugs
himself, and claimed that he did not tell appellant about the drugs because he did not want to split
the profits from their sale. Despite this testimony, the district court found the evidence sufficient to
link appellant to the drugs. Vela gave inconsistent versions of when he last filled the vehicle with
fuel; in either version, appellant would have been with him. Vela denied noticing an odor of
gasoline, which the trooper noticed at the time of the stop. Because the court's determination
concerned the weight and credibility of Vela's testimony, we must accord it due deference. In light
of the evidence tending to prove and disprove appellant's link to the contraband, we cannot say that
the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Accordingly, appellant's second issue is overruled.


CONCLUSION

 We overrule appellant's issues. Accordingly, the judgment of the trial court is
affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish

1. Sergeant Luciano later discovered a buyer's tag on the vehicle.