# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

- - - - - - - - - - - - - -
## NO. 03-02-00122-CR
## NO. 03-02-00123-CR
- - - - - - - - - - - - - -


**Arnulfo Molina, Appellant**

**v.**

**The State of Texas, Appellee**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
#### NOS. 004127 & 004128, HONORABLE FRED A. MOORE, JUDGE PRESIDING
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


Appellant Arnulfo Molina was convicted of the offenses of possessing more than five pounds but less than fifty pounds of marihuana and more than 400 grams of cocaine. *See* Tex. Health & Safety Code Ann. '' 481.121(b)(4); 481.115(f) (West Supp. 2002). He appeals, contending that the evidence was legally and factually insufficient to support his convictions. We will affirm.

## BACKGROUND

On August 9, 1999, Department of Public Safety Sergeant Vincent Luciano stopped a 1998 Oldsmobile after he observed that the vehicle had no visible license plate[1] and failed to maintain a single lane. Sergeant Luciano began to conduct the stop and directed Oscar Vela, the

---

[1] Sergeant Luciano later discovered a buyer=s tag on the vehicle.

driver, to get out of the vehicle. Luciano observed that Vela and appellant, a passenger in the vehicle, appeared nervous. Neither Vela nor appellant had identification documents. Sergeant Luciano smelled gasoline in the vehicle=s passenger compartment and became suspicious. After obtaining Vela=s consent to search the vehicle, Luciano discovered that the gas tank appeared to have been tampered with. He asked Vela and appellant to follow him to the police station where the tank was removed and the contraband discovered inside.

Vela and appellant were indicted for possession of the contraband. Vela pleaded guilty to the offenses; appellant waived a jury trial and was convicted of possession of the contraband on January 25, 2002. Appellant appeals the judgment.

## DISCUSSION

Appellant contends that the evidence is legally and factually insufficient to link him to the contraband found in the gas tank. In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 442 U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Howard v. State*, 972 S.W.2d 121, 124 (Tex. App.CAustin 1998, no pet.). In reviewing factual sufficiency, we view all of the evidence in a neutral light and set aside a verdict only if it so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson*, 23 S.W.3d at 6-7; *Martinets v. State*, 884 S.W.2d 185, 189 (Tex. App.CAustin 1994, no pet.). We compare the evidence supporting a disputed fact with evidence tending to disprove that fact. *Johnson*, 23 S.W.3d at 7; *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We may overturn a fact finder=s

2

determination only when the record clearly indicates a manifest injustice; otherwise, we must accord due deference to the fact finder=s determinations, particularly those concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 8-9; *Jones*, 944 S.W.2d at 648.

In a prosecution for drug possession, the State has the burden of proving (1) that the defendant exercised care, custody, control, or management over the drugs, and (2) that he knew he possessed a controlled substance. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Martinets*, 884 S.W.2d at 187. When, as here, the defendant is not in exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant with the drugs. *Brown*, 911 S.W.2d at 747-48; *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App.CAustin 1996, pet. ref=d, untimely filed); *Martinets*, 884 S.W.2d at 187. The affirmative links need not be so strong as to exclude every other reasonable alternative hypothesis except the defendant=s guilt. *Brown*, 919 S.W.2d at 748; *Hackleman*, 919 S.W.2d at 444; *Martinets*, 884 S.W.2d at 187-88. The State=s evidence must show facts and circumstances that, viewed in the totality of the circumstances, indicate the defendant=s knowledge and control of the drugs. *See Brown*, 911 S.W.2d at 748; *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, no pet.); *Howard v. State*, 972 S.W.2d 121, 124 (Tex. App.CAustin 1998, no pet.). Affirmative links between a defendant and the contraband may include: the defendant=s presence when the drugs are found; whether the drugs or other contraband were in plain view; the defendant=s proximity to and the accessibility of the drugs; whether the defendant was under the influence of drugs when the drugs were found; whether the defendant possessed other contraband or drug paraphernalia; whether the defendant made incriminating statements or furtive gestures or tried to flee; whether there was any noticeable drug

odor; whether the defendant had the right to possess the place where the drugs were found; and whether that place was enclosed. *See Hyett*, 58 S.W.3d at 830; *Martinets*, 884 S.W.2d at 188; *Villarreal*, 865 S.W.2d at 503-04.

The record reflects that Vela=s hands shook and that appellant appeared to be nervous and was unable to make eye contact with Sergeant Luciano at the time of the traffic stop. Although he did not detect an odor of marijuana on appellant, Sergeant Luciano smelled marijuana on Vela=s clothing, and Vela admitted to having smoked marijuana earlier in the day. Sergeant Luciano further testified that the odor of gasoline in a vehicle=s passenger compartment often indicates that Athe gas tank has been tampered with or it has a hole in it,@ and that this A[u]sually indicates there is some type of contraband or the gasoline tank has been modified to hold contraband.@ It was reasonable for the trial court to infer that appellant would not have ridden in the vehicle with the odor of gasoline in the passenger compartment for fear of a leak, and that he knew the odor was a result of the alteration of the gas tank to hold and transport contraband. In light of the standards set out above, we cannot say that a rational trier of fact could not have found an affirmative link between appellant and the drugs beyond a reasonable doubt. Appellant=s first issue is overruled.

Vela incriminated himself at the time of his arrest and pleaded guilty to possession before he testified at appellant=s trial. He gave an account of how he purchased and hid the drugs himself, and claimed that he did not tell appellant about the drugs because he did not want to split the profits from their sale. Despite this testimony, the district court found the evidence sufficient to link appellant to the drugs. Vela gave inconsistent versions of when he last filled the vehicle with fuel; in either version, appellant would have been with him. Vela denied noticing an odor of

**4**

gasoline, which the trooper noticed at the time of the stop. Because the court=s determination concerned the weight and credibility of Vela=s testimony, we must accord it due deference. In light of the evidence tending to prove and disprove appellant=s link to the contraband, we cannot say that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, appellant=s second issue is overruled.

## CONCLUSION

**We overrule appellant=s issues. Accordingly, the judgment of the trial court is affirmed.**

**Marilyn Aboussie, Chief Justice**

**Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel**

**Affirmed**

**Filed: August 30, 2002**

**Do Not Publish**