# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00276-CR

**Shannon Michelle Strelsky, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 20,423-CR, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Shannon Michelle Strelsky guilty of possessing more than one gram of cocaine. Tex. Health & Safety Code Ann. § 481.115(a), (c) (West Supp. 2003). The court assessed punishment at imprisonment for five years, but suspended imposition of sentence and placed Strelsky on community supervision. In her only point of error, Strelsky contends the evidence is legally and factually insufficient to sustain the conviction. We will overrule this contention and affirm.

In August 2001, a narcotics task force investigated the activities of Benny Green. Green lived in a trailer house in Rockdale that had been rented by Strelsky, Green's girlfriend. While watching the trailer, police saw Green and Strelsky come and go. They also saw a steady stream of people who came to the trailer, stayed a few minutes, then left. Using a confidential informer, the police made a controlled purchase of cocaine from Green at the trailer.

Strelsky had given a written statement to the police in February 2001, after Green was arrested for possessing cocaine found in a car registered to Strelsky. In this statement, which was admitted in evidence, she said, "I had heard rumors that Benny was selling drugs. I knew Benny always had money on him, but I thought it was from him gambling, or from borrowing it from his parents."

Police executed a search warrant for the trailer on August 3. When they arrived, the only person in the trailer was a man named Paul Deere. Strelsky was next door in the trailer house occupied by her sister. When she came outside to see what was happening, she was detained with Deere in the living room of the trailer while the search took place. The officers found a small bag of cocaine in a kitchen drawer, concealed under other items. They also found in the kitchen an electric bill for the trailer in Strelsky's name. Men's and women's clothing and toiletries were found in the master bedroom and bathroom. According to two officers who were present during the search, Strelsky never told them that she did not live in the trailer. They also testified that Strelsky cried throughout the search.

The manager of the trailer park testified that Strelsky rented the trailer in June 2001, and that she paid the rent for two of the three months that she and Green occupied it. He conceded on cross-examination that occasionally a person will rent a trailer but not live in it. He testified, however, that he regularly saw Strelsky at the trailer in question and that she lived there.

Deere testified that he spent the night in the trailer after attending a party there the night before. Strelsky was also at the party, but she did not spend the night. Deere said he never saw Strelsky use drugs.

2

Strelsky's sister, who lived in the trailer next door, testified that Strelsky moved in with her in early July 2001. Strelsky did not move all her possessions from the trailer she had shared with Green, and she would go next door whenever she needed something. The only evidence regarding Strelsky's income was her sister's testimony that she paid Strelsky to care of her children.

Strelsky testified that she and Green had an on again, off again relationship. Although she rented the trailer in June and lived there with Green for a month, she and Green broke up in July and she moved in with her sister. She acknowledged leaving many of her belongings in the trailer and said she had slept there one night about a week before the search. She denied any knowledge of or connection with the cocaine found in the trailer. She admitted hearing rumors that Green sold drugs, but said she had never seen him do so.

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). To prove possession of a controlled substance, the State must show that (1) the defendant exercised care, custody, control, or management over the substance, and (2) she knew the substance possessed was contraband. *Martinets v. State*, 884 S.W.2d 185, 187 (Tex. App.—Austin 1994, no pet.). A shorthand way of saying this is that the State's evidence must "affirmatively link" the defendant to the contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The evidence need not exclude every reasonable hypothesis other than the

3

defendant's guilt, but it must show facts and circumstances that demonstrate the defendant's knowledge and control of the contraband. *Id*. at 748.

The undisputed evidence shows that Strelsky rented the trailer in which the cocaine was found, and that she paid the rent and the utilities for the trailer. Although Strelsky claimed that she had moved out of the trailer in July, she admitted that she kept her clothing and other possessions in the trailer, from which she regularly came and went. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could conclude beyond a reasonable doubt that Strelsky exercised care, custody, control, or management of the trailer and its contents.

The State's evidence also showed that people came to the trailer for brief visits, as if to purchase drugs, and that Green sold cocaine to a police agent on the day before the search. It was undisputed that Strelsky knew Green had a reputation as a drug dealer and had been arrested earlier that year for possession of cocaine found in a car registered to her. Strelsky began to cry when she learned the police were going to search the trailer, and cried continuously during the search. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could reasonably infer beyond a reasonable doubt that Strelsky was aware of the presence of the cocaine in the trailer.

When conducting a factual sufficiency review, the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is

4

either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, and the reviewing court may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Id.* at 9. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd).

Strelsky testified, and her sister confirmed, that she had not been living with Green in the trailer since early July. The force of this evidence was weakened, however, by the fact that Strelsky only moved next door and that she left many, if not most, of her belongings in the trailer with Green. Strelsky admitted regularly going to the trailer to get things she needed, spending the night at the trailer one week before the search, and attending a party at the trailer on the night before the search. This defensive evidence does not so greatly outweigh the evidence of guilt as to render the guilty verdict manifestly unjust.

The State's case against Strelsky was circumstantial. But we cannot conclude, even when viewing the circumstances in a neutral light, that the State's evidence is so obviously weak as to render the guilty verdict manifestly unjust.

Strelsky refers us to a recent opinion in which this Court held evidence to be insufficient to prove the knowing possession of cocaine. *Armstrong v. State*, 82 S.W.3d 444 (Tex. App.—Austin 2002, pet. ref'd). Without discussing the evidence in that case at length, we note that

5

the defendant was never shown to have been in possession of the clothes bag in which the cocaine was concealed. *Id*. at 449. The circumstances tending to connect the defendant with the contraband were both fewer and weaker than in the cause now before us.

Finding the evidence to be legally and factually sufficient to sustain the jury's verdict, we overrule the point of error and affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:  July 11, 2003

Do Not Publish