Opinion filed May 17, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed May 17, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00356-CR 

                                                     __________

 

                                        FRANK
CARLOS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                    On
Appeal from the 147th District Court

 

                                                            Travis County,
Texas

 

                                         Trial
Court Cause No. D-1-DC-2005-904083

 



 

                                                                   O
P I N I O N

 

Frank Carlos appeals his conviction by a jury for
the offense of possession of cocaine in an amount less than one gram.  The jury, finding enhancement allegations to
be true, assessed his punishment at four years in the Texas Department of
Criminal Justice, Institutional Division, and a fine of $2,000.  Carlos contends in three issues that the
evidence is legally and factually insufficient to support his conviction and
that the trial court abused its discretion when it denied his motion for new
trial.  We affirm. 








Carlos urges in issues one and two that the
evidence is legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, the appellate court reviews all of the evidence in the
light most favorable to the verdict and determines whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the evidence
in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

In a possession of a controlled substance
prosecution, the State must prove that: (1) the accused exercised control,
management, or care over the substance and (2) the accused knew the matter
possessed was contraband.  Evans v.
State, 202 S.W.3d 158, 161 (Tex.
Crim. App. 2006).  Regardless of whether
the evidence is direct or circumstantial, it must establish that the defendant=s connection with the drug was more
than fortuitous.  Id. 
Mere presence at the location where drugs are found is insufficient, by
itself, to establish actual care, custody, or control of those drugs.  Id.
at 162.  However, presence or proximity
when combined with other evidence, either direct or circumstantial sometimes
referred to as affirmative links, may be sufficient to establish that element
beyond a reasonable doubt.  Id.  It is not the number of links that is
controlling, but the logical force of all of the evidence, direct and
circumstantial.  Id.  








Guillermo Salinas, an Austin police officer, testified that he
stopped Carlos as he was driving a pickup at about 1:00 a.m. because the pickup
did not have functional license plate lights. 
He said that Carlos pulled over quickly. 
He acknowledged that, after about an hour of a one-and-a-half to
two-hour search of the vehicle, he found crumbled white cocaine on the red or
maroon carpet of the vehicle behind the driver=s
seat.  He said that to a casual observer
the cocaine could have appeared to be food particles.  The search followed the officer=s discovery that Carlos had outstanding
warrants for his arrest.  

Salinas
testified that the vehicle had a strong odor of dry leaf marihuana and that
there were small pieces of marihuana all over the carpet and seats.  He indicated that he found currency in a
compartment located on the driver=s
side rear cab.  He also stated that
Carlos had $1,500 on his person.  He
related that every time he approached the driver=s
side of Carlos=s pickup,
Carlos would get agitated.  He indicated
that Officer Elmer Settles, also with the Austin Police Department, pointed out
to him that Carlos would get agitated and start yelling something like, A[L]et=s
go,@ or A[W]hat
are we doing here?@  Officer Settles testified that the amount of
currency found in Carlos=s
vehicle was $18,780.  

In summary, Carlos was the driver in sole
possession of a vehicle with an odor of marihuana, a vehicle that contained
crumbled cocaine, marihuana residue, and $18,780 in cash.  The cocaine was in open, but not necessarily
plain, view just behind the driver=s
seat.  In addition, Carlos became very
agitated every time the arresting officer approached the side of the pickup
where the cocaine was located. 
Considering this evidence in light of the tests for legal and factual
sufficiency of the evidence, we find that the evidence in this case is legally
and factually sufficient.    

We have listed several of the affirmative links
that were shown to support Carlos=s
conviction.  Carlos seeks to discredit
those affirmative links.  Citing three
cases, he suggests that mere possession of a vehicle in which contraband is
found, without additional facts and circumstances connecting the accused to the
contraband, will not support a conviction for possession.  As we have noted in our summary of the
evidence, there are additional facts and circumstances adequately connecting
Carlos to the contraband.   

Carlos acknowledges that he was the driver and
sole occupant of the pickup where the cocaine was found, but he argues there
was no evidence that he was the exclusive owner or possessor of the
vehicle.  Although there was no evidence
presented that he owned the vehicle, his attorney, in his opening statement,
referred to the vehicle as AMr.
Carlos=s vehicle@ and AMr.
Carlos=s truck@ and stated that Carlos Adrives a 1995 truck that has interior
that is maroon.@








Citing Hernandez v. State, 867 S.W.2d 900,
905 (Tex. App.CTexarkana
1993, no pet.), Carlos suggests that his mere nervousness or anxiousness is too
tenuous a link, as a matter of law, to support a conviction.  However, just as was true in Hernandez, Carlos=s nervousness or anxiousness is not the
only affirmative link established by the evidence showing Carlos=s knowing possession of the
cocaine.  

Carlos relies upon the case of Martinets v.
State, 884 S.W.2d 185, 188 (Tex. App.CAustin
1994, no pet.), in urging that courts have tended to find more of a link when
the contraband is found in an enclosed place such as an ashtray.  In that case, the court, in discussing
affirmative links supporting the conviction, noted that the ashtray where the
contraband was found was an enclosed space. 
Id.  Although the cocaine in this case was not
found in an ashtray, it was found within the pickup, which itself is an
enclosed space.  Because we have found
the evidence legally and factually sufficient to support Carlos=s conviction, we overrule issues one
and two.  

Carlos insists in issue three that the trial court
abused its discretion when it denied his motion for new trial because at trial
he had received ineffective assistance of counsel.  An appellate court reviews a trial court=s denial of a motion for new trial
under an abuse of discretion standard.  Holden
v. State, 201 S.W.3d 761, 763 (Tex.
Crim. App. 2006).  We do not substitute
our judgment for that of the trial court; rather, we decide whether the trial
court=s
decision was arbitrary or unreasonable.  Id.  A trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court=s
ruling.  Id. 
A trial court does not abuse its discretion by deciding a motion for new
trial, which is based upon ineffective assistance of counsel, on
affidavits.  Id. at 764.  








In his brief in support of his motion for new
trial, although not in the motion itself, Carlos urged that his counsel was
ineffective for failing to call a witness at trial.  Carlos bases this issue on appeal on that
ground.  Carlos attached two supporting
affidavits to his brief in support of his motion for new trial.  In one affidavit, Carlos=s brother swore that, a week prior to
Carlos=s arrest,
when he and his friends were in the same vehicle Carlos was arrested in, A[t]wo of the guys in the backseat were
using some cocain [sic].@  He said he told Carlos that he would be
available to testify for him but that he was never called or subpoenaed.  Carlos also included his own affidavit
stating that he had told his attorney that his brother and friends had been
using the same vehicle a week prior to his arrest.  While the affidavit states that his brother
told him that his friends had been using cocaine in the backseat and that his
brother would testify on his behalf, the affidavit does not say that Carlos
gave that information to his attorney. 
There is no affidavit from Carlos=s
trial attorney indicating that he had received such information from Carlos or
giving the reason why he chose not to call Carlos=s
brother to testify.  

We apply a two-pronged test to claims of
ineffective assistance of counsel.  Wiggins
v. Smith, 539 U.S. 510,
521 (2003); Strickland v. Washington,
466 U.S.
668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  First, appellant must show that
his counsel=s
performance was deficient; second, appellant must show the deficient
performance prejudiced the defense.  Wiggins,
539 U.S. at 521;
Strickland, 466 U.S.
at 687.  

In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  A defendant must
demonstrate that counsel=s
representation fell below an objective standard of reasonableness and
prevailing professional norms at the time of the alleged error.  Wiggins, 539 U.S. at 521; Strickland, 466 U.S. at 688-89.
A[C]ounsel is strongly presumed to have
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment.@
 Strickland, 466 U.S. at
690.  An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 S.W.3d at 814.  Our scrutiny of counsel=s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight.  Strickland, 466 U.S. at
689.  

The second prong of Strickland requires a
showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Id. at 687.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding whose result is being
challenged.  Id. at 697.    








Under normal circumstances, the record on direct
appeal will not be sufficient to show that counsel=s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel=s conduct was reasonable and
professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex.
Crim. App. 2002).  Rarely will the trial
record contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation.  Id.

Carlos did not include in the record any testimony
by his trial counsel in any posttrial proceeding.  Further, there is
arguably nothing in the record to show that trial counsel was aware of the fact
that Carlos=s brother
could testify that some of his friends had been using cocaine in the backseat
of the vehicle in question a week prior to Carlos=s
arrest.  Even if he were aware of that
possibility, there is no evidence as to trial counsel=s
reason for not calling Carlos=s
brother as a witness.  Consequently,
there is nothing to show that his failure to call Carlos=s
brother was anything other than trial strategy.  Therefore, Carlos has
failed to overcome the presumption that his trial counsel=s conduct was reasonable and
professional.  Id.  Because Carlos=s
proof on his motion for new trial failed to overcome the presumption that his
trial counsel=s conduct
was reasonable and professional, the trial court did not abuse its discretion
by denying the motion for new trial.  We
overrule issue three. 

The judgment is affirmed.  

 

PER CURIAM

 

May 17, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.