

# NUMBER 13-14-00415-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GENARO GALVAN ACOSTA JR.,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 156th District Court
## of Nueces County, Texas.

# DISSENTING MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Dissenting Memorandum Opinion by Justice Perkes

I dissent from the majority's holding because I believe the evidence is sufficient to

support appellant's conviction.

Each case must be examined on its own facts. *Hurtado v. State*, 881 S.W.2d 738,

743 (Tex. App.—Houston [1st Dist.] 1994, pet ref'd); *Whitworth v. State*, 808 S.W.2d 566,

569 (Tex. App.—Austin 1991, pet. ref'd).   The logical effect of the cumulative evidence is more important than tallying factors.   As the majority notes, "it is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial."   *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).   The Texas Court of Criminal Appeals cautions us against reviewing these facts or links in isolation.   *Id.* at 164.   Furthermore, we may not substitute our own weighing of the evidence and alternative-explanation exercises for those of the jury.   *Id.*   With that in mind, I turn to the evidence.

The evidence admitted against appellant consists of: 1) approximately 25 pounds of marijuana found in the spare tire of the car; 2) appellant was the driver of the car at the time of the arrest and had been earlier observed driving the car; 3) appellant appeared nervous during the stop and subsequent search; 4) appellant's incriminating statement made after the discovery of the marihuana; and 5) appellant possessed $300 but was unemployed.[1]

The fact that appellant was the driver of the car that was later found to contain marijuana is suspicious.   *See Roberson v. State*, 80 S.W.3d 730, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Martinets v. State*, 884 S.W.2d 185, 188 (Tex. App.—Austin 1994, no pet.).   This, combined with other evidence, can be sufficient to uphold possession convictions.   *See Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976).   The other evidence was that Officer Prado saw appellant driving the same car

---

[1] I agree with the majority that the "Santa Muerte" religious paraphernalia is not an "affirmative link" connecting appellant to the drugs.   Even if such material did constitute evidence of drug smuggling, officers located the "Santa Muerte" artifact in appellant's wife's purse.

three months prior, inferring that appellant had a right to possess the car. This is the second link. Appellant continued to exhibit nervous behavior by pacing back and forth in the police station—the third, albeit weak, link. After officers discovered the marijuana in the car, appellant stated he would accept responsibility if his family were released— the strong fourth link. While appellant's possession of the $300 is not by itself unusual, when combined with his unemployment, the money does have probative value in connecting appellant to the drugs. This is the fifth link.

Each piece of evidence is not dispositive by itself. However, when weighing the cumulative effect of the evidence, I believe that the jury could have reasonably found, based on the circumstantial evidence coupled with the reasonable inferences from it, that appellant exercised sufficient care, custody, control, or management over the marijuana. Appellant's issue sole should be overruled.

I would affirm the conviction.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of July, 2015.

3