### BEN WILSON V. THE STATE.

No. 15739. Delivered March 29. 1933.
Reported in 58 S. W. (2d) 826.

The opinion states the case.

*M. E. Gates*, of Huntsville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor, punishment being one year in the penitentiary.

It is alleged in the indictment that Less Broadway was the purchaser of the liquor. He testified that he bought from appellant two pints of whisky for which he paid one dollar and a half by a check payable to "cash," which check was returned to the maker and the amount charged against his account at the bank. A witness by the name of Johnson testified that he was manufacturing whisky for appellant and that he was present when appellant made the sale of the whisky to Broadway.

Appellant did not testify, but through other witnesses raised the defensive issue that the check in question was not given for whisky, but that it was given for the purpose of having appellant take it to the store and purchase groceries with it. In his motion for new trial appellant set up newly discovered evidence upon the point last mentioned, and attached to the motion the affidavit of the claimed newly discovered witness, one Sam Brooks. The court has incorporated in the record his reasons for overruling the motion, which are substantially as follows: When the case was called for trial, appellant orally asked a continuance because of the absence of Brooks for whom appellant claimed to have had process issued; this was found to be untrue. Appellant stated to the trial court what he expected to prove by the witness, which was the same as set out in the motion for new trial, and contained in the affidavit of the witness, attached thereto. Under the circumstances the evidence of the witness could not be newly discovered. It is shown to have been known to appellant before the trial. Many authorities are found collated under section 192, Branch's Ann. Tex. P. C., and in note 25 under subdivision 6, article 753, Vernon's Ann. Tex. C. C. P., vol. 3.

No other questions are brought forward for review.

The judgment is affirmed.

*Affirmed.*