# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00280-CR

**Kevin Townsend, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. D-1-DC-07-204664, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Kevin Townsend guilty of possessing less than one gram of cocaine, and the trial court assessed a one-year term in state jail. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). In his only point of error, appellant contends the evidence is insufficient to sustain the jury's verdict. We affirm the conviction.

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). All the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the

testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 234 S.W.3d at 778.

On August 9, 2007, appellant visited his wife at the Austin State Hospital, where she was a patient. Nurse Judith Miller testified that she walked into the visiting room unannounced and saw appellant and his wife "huddled together in the corner standing up." They were the only persons in the room. The couple turned to face Miller, and she noticed that appellant was holding a black leather pouch. Miller testified that appellant began to "[speak] rapidly about being a diabetic and having to check his blood sugar very frequently." Appellant told Miller that the pouch contained his diabetes supplies and asked her if she wanted to look at it. Miller took the pouch from appellant and, leaving appellant and his wife in the locked visiting room, walked to the nurse's station. At the station, "We looked through [the pouch]. Well, we looked at the insulin checker, the glucometer, and we realized it was a dummy glucometer. Then we checked through the pouch. The leather pouch thing had little side pockets in it." In one of these side pockets, Miller found "a package of white powder with little plastic Ziploc bags." Miller called a security officer, who testified that the pouch contained "two syringes, a glucometer, some test strips, some lancets and a small baggie of white powder." There was no insulin in the pouch. The white powder proved to be cocaine.

Appellant testified that he is diabetic and that the leather pouch contained his medical supplies. "I take my diabetic kit around with me everywhere I go because my diabetes stays high, in the high range. . . . I have to check my diabetes at least six times a day." Appellant testified that there was no insulin in the pouch because he kept it in a cooler in his car. Appellant said that when Miller entered the visiting room, his wife was sitting by a table and he was standing by the door

2

filling out a survey. Appellant testified that the pouch was on the table beside his wife. The pouch was open because he was about to check his blood sugar. Appellant testified that the cocaine found in the pouch was not his, and he had no idea how it came to be there.

In a prosecution for possession of a controlled substance, the State must prove that the defendant exercised care, custody, or control over the substance knowing that it was a controlled substance. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The defendant's connection with the substance must be more than fortuitous; the defendant's mere presence at the location where the substance was found is insufficient, in itself, to establish actual care, custody, or control. *Id*. at 161-62. But presence or proximity, when combined with other direct or circumstantial evidence ("links"), may be sufficient to prove the defendant's custody of the substance beyond a reasonable doubt. *Id*. at 162.

Appellant asserts that the State offered no evidence beyond his mere presence to prove that he possessed the cocaine. This assertion is incorrect. By appellant's own admission, the leather pouch in which the cocaine was found belonged to him and contained supplies associated with his diabetes. Appellant brought the pouch with him to the hospital on the day in question and, according to Miller, appellant was holding the pouch when the nurse entered the visiting room. Other than appellant, Miller was the only person shown to have handled the pouch until it was turned over to the security guard. From this evidence, the trier of fact could find beyond a reasonable doubt that appellant exercised care, custody, and control over the cocaine. This same evidence, plus

3

Miller's description of appellant's unprompted explanation when she noticed the pouch, supports an inference of guilty knowledge. We hold that the evidence is legally sufficient to sustain the jury's verdict.

In his brief to this Court, appellant does not state that he is raising a factual sufficiency challenge, and the only authorities he cites are legal sufficiency cases. Under these circumstances, we need not apply the factual sufficiency standard of review. *See Martinets v. State*, 884 S.W.2d 185, 188-89 (Tex. App.—Austin 1994, no pet.) (op. on reh'g). Nevertheless, we will consider whether the evidence is factually sufficient to sustain appellant's conviction. In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

Appellant denied any knowledge of the cocaine found in his leather pouch, but he could offer no explanation for how it might have come to be there. The only innocent explanation

4

suggested by appellant's testimony is that his wife placed the cocaine in the pouch when he was not looking, an explanation that the jury could reasonably discount in light of her status as a patient in the hospital. Giving the verdict the deference it is due, we conclude that the jury's finding that appellant knowingly possessed the cocaine was not clearly wrong or against the great weight and preponderance of the evidence.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   March 19, 2009

Do Not Publish

5