Opinion issued July 7, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00983-CR

———————————

Ricky Lee Small, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 208th District Court

Harris County, Texas



Trial Court Case No. 1267577

 



 

MEMORANDUM OPINION

          A
jury convicted Ricky Lee Small of possession of a controlled substance, and the
court sentenced him to thirteen years’ confinement. See Tex. Health & Safety Code Ann. §§ 481.115 (d), 481.102(8) (West 2010).
Small argues that the evidence was legally and factually insufficient to
support his conviction. We hold that the evidence is sufficient and therefore
affirm.

Background

          While
on patrol, police officer Gillean ran the license plate of a truck and
discovered that it had been reported stolen. He pulled the driver of the truck
over. Small was the driver. When Officer Gillean opened the driver’s side door
of the truck, he noticed a “strong odor of PCP” wafting from inside the truck.
Gillean removed Small from the truck, handcuffed him, and placed him in the
back of the patrol car. Another police officer, Officer Garcia, removed a
female passenger from the truck. Gillean searched the vehicle, and he discovered
a vanilla extract bottle inside of a McDonald’s cup located in the driver’s
side cup holder. 

A Houston Police Department chemist
analyzed the bottle’s contents and determined that it contained 10.1 grams of
phencyclidine, commonly called “PCP.” The State charged Small with possession
of a controlled substance, namely PCP, in an amount between four and 200 grams.
See Tex. Health & Safety Code Ann. §§ 481.115(d), 481.102(8). 

At trial, the State presented testimony from Officer Gillean
and Mona Medalla, the HPD chemist. Officer Gillean testified that he “smelled a
strong odor of PCP coming from inside the vehicle.” Gillean was familiar with
the smell of PCP from his experience, and testified that the smell was easy to
identify. He further testified that when he searched the vehicle Small was
driving, he found the vanilla extract bottle “hidden in a McDonald’s cup in the
driver’s side cup holder.” Gillean explained that the driver’s side cup holder
was the one located closer to the driver, while another cup holder next to it
was closer to the vehicle’s passenger.  Medalla
testified about the process that she used to test the substance in the vanilla
extract bottle and the test results. She verified that the bottle contained
10.1 grams of PCP. No other witnesses testified.

Analysis

A.      Standard
of Review

Both legal and factual sufficiency challenges are reviewed
under the standard set forth in Jackson
v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979). Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App.
2010). Under this standard, evidence is insufficient to support a conviction
if, considering all the record evidence in the light most favorable to the
verdict, no rational factfinder could have found that each essential element of
the charged offense was proven beyond a reasonable doubt. See Jackson, 443 U.S. at 319, 99 S. Ct. at
2788–89;  In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068,
1071 (1970); Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007). Viewed in the light most favorable to the verdict, the evidence is
insufficient under this standard in two circumstances: (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt. See
Jackson, 443 U.S. at 314,
318 n.11, 320, 99 S. Ct. at 2789 n.11, 2789–90; Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750. Additionally,
the evidence is insufficient as a matter of law if the acts alleged do not
constitute the criminal offense charged. Williams, 235 S.W.3d at 750.

An appellate court determines whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict. Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v.
State, 214 S.W.3d 9, 16–17
(Tex. Crim. App. 2007)). In viewing the record, direct and circumstantial
evidence are treated equally. Id. Circumstantial evidence is as
probative as direct evidence in establishing an actor’s guilt, and circumstantial
evidence alone can be sufficient to establish guilt. Id. An appellate
court presumes that the factfinder resolved any conflicting inferences in favor
of the verdict and defers to that resolution. Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at
778. An appellate court also defers to the factfinder’s evaluation of the
credibility and weight of the evidence. See Williams, 235 S.W.3d at 750.

          




 

B.      Sufficiency
of the Evidence

          To
establish Small’s guilt, the State had to prove that (1) Small knowingly or
intentionally possessed the PCP and (2) the aggregate weight of the PCP was
four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. § 481.115 (a), (d). 

          1.       Knowing or Intentional Possession

          To prove possession, the State must
show that Small (1) exercised actual care, custody, control or management over
the PCP and (2) was conscious of his connection with it and knew what it was. See Tex.
Health & Safety Code Ann. § 481.002(38) (West 2010) (defining
“possession” as “actual care custody, control or management.”); Tex. Penal Code Ann. § 6.03(b) (West
2010) (providing that a person acts “knowingly” when “he is aware of the nature
of his conduct or that the circumstances exist”); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995). Possession of a controlled substance need not be exclusive, but mere
presence at the location where the controlled substance is found does not,
alone, establish possession. Evans v. State,
202 S.W.3d 158, 162. However, presence or proximity, when combined with other
circumstantial or direct evidence, may be sufficient to establish possession
beyond a reasonable doubt. Id.

Texas courts have identified a number of affirmative links
which may, alone or in combination with others, establish a person’s possession
of contraband, including: “(1) the defendant’s presence when a search is
conducted; (2) whether the contraband was in plain view; (3) the defendant’s
proximity to and the accessibility of the narcotic; (4) whether the defendant
was under the influence of narcotics when arrested; (5) whether the defendant
possessed other contraband or narcotics when arrested; (6) whether the
defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of contraband; (10) whether other contraband or
drug paraphernalia were present; (11) whether the defendant owned or had the
right to possess the place where the drugs were found; (12) whether the place
where the drugs were found was enclosed; (13) whether the defendant was found
with a large amount of cash; and (14) whether the conduct of the defendant
indicated a consciousness of guilt.” Id. at
n.12. The number of affirmative links present is not as important as the
logical force the factors have in establishing the elements of the offense, and
the absence of various potential affirmative links does not constitute evidence
of innocence to be weighed against the affirmative links present. James v. State, 264 S.W.3d 215, 219
(Tex. App.—Houston [1st Dist.] 2008, pet. ref’d) (citing Hernandez v. State, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976)).

Several affirmative links are present here. Small was the
driver of the truck where the PCP was found. Small was in an enclosed space
with the PCP, and it was found in the driver’s side cup holder next to Small,
giving him easy access to it. A strong odor of PCP emanated from the truck when
Officer Gillean opened the truck’s driver’s side door. The vanilla extract
bottle was secreted inside the McDonald’s cup, indicating that its presence in
the car was not accidental. This evidence, viewed in a light most favorable to
the verdict, is sufficient to prove knowing or willful possession of
contraband. See Jackson, 443
U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2789 n.11, 2789–90; Laster, 275 S.W.3d at 518.

          2.       Presence
of Four to 200 Grams of PCP

The chemist’s uncontroverted testimony establishes that the vanilla
extract bottle contained 10.1 grams of PCP. This evidence is sufficient to
prove possession of between four and 200 grams of a controlled substance. See Jackson, 443 U.S. at 314, 318 n.11, 320, 99
S. Ct. at 2789 n.11, 2789–90; Laster, 275 S.W.3d at 518.

Accordingly, we hold that the evidence is legally and
factually sufficient to support the jury’s verdict. See Lewis v. State,
664 S.W.2d 345, 349 (Tex. Crim. App. 1984) (holding evidence sufficient to show
passenger of car’s joint or sole possession when marihuana was found scattered
about on rear seat of car, rolling papers of same brand used to roll marihuana
cigarettes were located in rear seat between accused’s seat and other
passenger’s seat, marihuana was found on floorboard, and interior of car
smelled of marihuana); Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim.
App. 1981) (holding evidence sufficient to link driver of vehicle, which
contained another passenger, to contraband found inside vehicle when contraband
was found on the driver’s side of the vehicle, easily accessible to driver, and
in open view); Martinets v. State, 884 S.W.2d 185, 188 (Tex. App.—Austin
1994, no pet.) (finding sufficient affirmative links to support conviction of
driver of car, which had passenger, when marihuana and drug paraphernalia was found
on driver’s side of car, conveniently accessible to driver, and car’s interior
smelled of marihuana).

Conclusion

          We conclude that sufficient evidence
supports the conviction and therefore affirm the judgment of the trial court.

 

                                                                   

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).